MATTER OF M——J——

In SECTION 316(b) Proceedings

A-8768702

*Decided by Acting Regional Commissioner January 14, 1960*

*Approved by Assistant Commissioner January 22, 1960*

Residence for naturalization—Study abroad under fellowship maintained by Public Health Service qualifies applicant for section 316(b) of 1952 act.

An alien who will study abroad under a Special Research Fellowship Award established and maintained by the Public Health Service is eligible to preserve residence for naturalization under section 316(b) of the 1952 act as a person employed by or under contract with the Government of the United States.

## BEFORE THE REGIONAL COMMISSIONER

**Discussion:** The alien has filed an application for the benefits of section 316(b) of the Immigration and Nationality Act, to cover his absence from the United States from March 5, 1959, to March 5, 1961, while studying at the Lister Institute, London, England, and at the University of Cambridge, Cambridge, England. The district director has granted the application upon the ground that the applicant may properly be held to be employed by or under contract with the Government of the United States within the meaning of section 316(b), and has certified the case to this office.

The applicant was lawfully admitted to the United States for permanent residence on October 26, 1954. Since that date he has been absent from the United States on only one occasion, namely from December 30, 1954, to October 28, 1957, on which latter date he was readmitted to the United States as a returning legal resident He has the uninterrupted period of at least one year of physica presence and residence in the United States, pursuant to his lawfu admission, which is required by the section of law under which hi application has been submitted.

While abroad the applicant will be studying under a Special R search Fellowship Award established and maintained by the Publ Health Service, Department of Health, Education and Welfar United States Government, the establishment and maintenance United States Government, the establishment and maintenance ( such fellowships being provided for by Public Law 655, 80th Co gress. One of the avowed purposes of this law is to provide fello ships for and to use qualified persons, with a background such that possessed by the applicant, in the conduct of further resear

520

and investigation for the improvement of the health of the people of the United States.

The Special Research Fellowship Award granted the applicant was bestowed upon him following his application therefor and following the approval of his application by the Surgeon General, Department of Health, Education and Welfare. The record establishes that such scholarships are awarded to qualified research scientists who have demonstrated research accomplishment or research potential beyond the postdoctoral level and who desire specialized training for a specific problem.

The applicant will receive a stipend of $5,500 annually, which amount is considered by the Department of Health, Education and Welfare to be a salary. He will receive a further sum of $422 in the form of a travel allowance.

In passing upon the question of whether the applicant will be considered an employee or a student, the Department of Health, Education and Welfare has indicated the applicant must more appropriately be considered a student, since he will be receiving advanced cardiovascular research training, although, because of his already high degree of training, he will probably occasionally assist in teaching. However, the award letter supplement furnished the applicant incident to the award granted him described his fellowship in terms of being "official work" and mentions his entering "on duty." That letter further advises that "official work must begin within the inclusive dates stated in the award letter" and directs that "90% of a fellow's time must be spent in research and/or academic work"; that "they must not devote more than 10% of the working time available during the fellowship term to teaching and lecturing." The award letter referred to still further sets forth the procedure to be followed by a fellow desiring to change his sponsoring institution. Likewise mentioned therein is the fact that the vacation period is "not to exceed one month." A report on work accomplished during the fellowship is set forth as a requisite and advance notice is required of the fellow who desires to resign before the completion of the fellowship.

The sole issue involved in this case is the matter of whether the applicant may be considered to be employed by or under contract with the Government of the United States.

Webster's New International unabridged dictionary defines "employment" as "that which engages or occupies; that which consumes time or attention; also, an occupation, profession, or trade; service; as agricultural employments." Black's Law Dictionary defines "employment" in the following terms: "The act of hiring, implying a request and a contract for compensation * * *."

In *Matter of R——*, 4 I. & N. Dec. 196, 203, it was determined that

521

an applicant who was employed by the Air Transport Command, and who was also employed at the United States Consulate, was performing duties warranting a conclusion that he was employed by or under contract with the Government of the United States within the meaning of section 307(b) of the Nationality Act, which latter provision of law similarly provided for the preservation of residence by one so engaged abroad. In the decision here cited, reference is also had to two unreported decisions which are pertinent in the present case. The first of these two latter decisions refers to a civilian guard at a post exchange, who was neither within the Civil Service nor in the employ of the United States Army, and whose wages were met solely from exchange profits, but who was held to be "in the employ of or under contract with the Government of the United States." The second such decision refers to the case of a USO entertainer who, although not a Civil Service employee or a member of the Armed Forces, was nevertheless held to be "in the employ of or under contract with the Government of the United States." In the last case here referred to the following statements were made concerning the matter of what constitutes employment:

The source of whatever compensation they receive does not affect the capacity in which they actually serve.

Employ means "to use, to have in service, to cause to be engaged in doing something," it does not mean to hire, but to use whether under hire or not.

It would appear that the purpose for which the applicant is abroad clearly brings his assignment within the definition of "employment" as set forth above. His time and attention will be almost entirely, if not entirely, absorbed in carrying on his research activities under the fellowship granted him by the United States Government. Further, he must adhere to restrictions no less confining than an actual contract if he is to maintain eligibility under the fellowship accorded him.

If a subject may be regarded as being employed by or under contract with the Government of the United States when the Government pays his compensation only indirectly, which conclusion has already been reached in other cases, then it would seem that it must surely be held that a subject is similarly engaged when he receives funds in the form of a salary directly from the Government.

In the light of the foregoing, it is concluded that the applicant must be regarded as being employed by or under contract with the Government of the United States within the contemplation of section 316(b) of the Immigration and Nationality Act.

Order: It is ordered that the decision of the district director finding the applicant to be employed by or under contract with the Government of the United States within the meaning of section 316(b) of the Immigration and Nationality Act be and is hereby approved.

522